DECISION AND JUDGMENT ENTRY
This case is on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of Xavier D.-S. to appellee Lucas County Children Services ("LCCS"). For the reasons that follow, we find that the decision of the trial court should be affirmed.
On January 23, 1998, LCCS filed a complaint in dependency and neglect and a motion for shelter care hearing in regard to Xavier D.-S., a child born on December 14, 1995. On or about June 10, 1998, Xavier D.-S. was adjudged to be a dependent child, and temporary custody of him was awarded to LCCS effective March 23, 1998. LCCS then filed a motion for permanent custody on December 1, 1998. After some effort, appellant was personally served with notice of the motion and notice of a hearing on February 1, 1999. (The process server's notation on the summons stated, "1-27-99 Residence Service on William [S.] — Left with his mother, Vanessa [S.], whom he lives with[.]")Though the record is silent as to the purpose of the February 1, 1999 hearing, appellant represents in his brief that the February 1 hearing was a pretrial conference/hearing at which the court set a mediation date of March 22, 1999 and a hearing date of April 1, 1999 for a hearing on the motion for permanent custody. The hearing on the motion for permanent custody was ultimately held over two days, on May 24, 1999 and August 24, 1999. Appellant did not appear at the hearing, and at the start of the hearing, the trial court granted appellant's counsel's motion to withdraw. Following the hearing, the trial judge awarded permanent custody of Xavier D.-S. to LCCS. Appellant appeals from that judgment, setting forth the following assignments of error:
 "I. THE TRIAL COURT'S JUDGMENT WAS VOID FOR LACK OF JURISDICTION OVER THE PERSON OF APPELLANT.
 "II. THE TRIAL COURT ERRED IN PROCEEDING WITH HEARING WITHOUT OBSERVING APPELLANT'S RIGHT TO BE REPRESENTED BY LEGAL COUNSEL.
 "III. THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
In his first assignment of error, appellant contends that the trial court's judgment granting permanent custody of Xavier D.-S. to LCCS is void because the trial court lacked personal jurisdiction over appellant. Specifically, appellant contends that he was not properly served with notice of the May 24 and August 24, 1998 hearings. (The hearing commenced on May 24 and, due to time constraints, was continued to and completed on August 24, 1998). Former R.C. 2151.414(A) provided:
 "(A)(1) Upon the filing of a motion pursuant to section 2151.413 of the Revised Code for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. * * *.
"* * *."
R.C. 2151.29 provides:
 "Service of summons, notices, and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence. If the juvenile judge is satisfied that such service is impracticable, he may order service by registered or certified mail. If the person to be served is without the state but he can be found or his address is known, or his whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made by delivering a copy to him personally or mailing a copy to him by registered or certified mail.
 "Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or his post-office address ascertained, whether he is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county.
 The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. A copy of the summons and the complaint shall be sent by registered or certified mail to the last known address of the person summoned unless it is shown by affidavit that a reasonable effort has been made, without success, to obtain such address.
"* * *."
In this case, after several attempts, appellant received personal service on January 27, 1999. He was duly notified of the motion for permanent custody and of the initial hearing on February 1, 1999. No other notice is required in order for the court to acquire jurisdiction over appellant. In the Matter of:Baxter (May 27, 1983), Lucas App. No. L-82-314, unreported. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant claims in his second assignment of error that the trial court erred in holding the hearing on the motion for permanent custody without having counsel present on behalf of appellant. R.C. 2151.352 provides, in pertinent part:
 "A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. * * *."
Similarly, Juv.R. 4(A) provides, in pertinent part:
 "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. * * *."
In this case, attorney Charles Rowell was appointed to represent appellant and did so at all relevant times up until the day of the May 24, 1999 hearing on permanent custody. At that time, the court granted Rowell's motion to withdraw upon Rowell's representation to the court that appellant had dismissed him as his attorney, that appellant had told Rowell that he was not to do any further work on appellant's behalf, and that appellant had told Rowell that he had retained another attorney, Larry DiLabbio. Rowell also represented to the court that he had spoken with Larry DiLabbio, who told Rowell that even though he (DiLabbio) had not been formally retained, he would appear on appellant's behalf at the May 24 hearing. Because appellant was appointed an attorney, and because appellant never requested appointment of new counsel after dismissing his attorney, we cannot find that appellant was deprived of his right to counsel. See In the Matter of Heebsch
(Sept. 24, 1982), Lucas App. No. L-82-138, unreported (holding that appellant was not denied her right to counsel when counsel was appointed each time appellant requested and when the hearing was held without counsel because of appellant's uncooperative attitude and her own failure to appear.) Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends that the judgment is against the manifest weight of the evidence. Specifically, appellant contends that the trial court did not ascertain whether any paternal relatives were suitable to take custody of Xavier. Appellant also contends that none of the requirements of R.C. 2151.414(A)(1),(2), or (3) were met.[1]
To resolve these issues, we must determine whether the lower court complied with R.C. 2151.414 and whether there was clear and convincing evidence to support the finding that one or more of the factors listed in R.C. 2151.414(E) exists. In Re Dylan (1997),121 Ohio App.3d 115, 121. The Supreme Court of Ohio has held that clear and convincing evidence is:
 "* * * that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
As pertinent to this case, former R.C. 2151.414 provided that a court may grant permanent custody to a movant if, after a hearing, the court determines, by clear and convincing evidence, that it is in the best interest of the child and that:
 "(1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents[.]
"* * *."
Pertinent to this case, in determining the best interests of the child, a court is to consider, among other things, "[t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency." R.C. 2151.414(D)(4). Finally, R.C.2151.414(E) directs the court to consider several factors to determine if a child cannot or should not be placed with his parents. If the court makes one of the findings enumerated in R.C. 2151.414(E)(1) through (12), the statute directs that the court "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]" R.C. 2151.414(E).
In this case, the court made findings under R.C.2151.414(E)(1) and (4). R.C. 2151.414(E)(1) provides:
 "Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *."
R.C. 2151.414(E)(4) provides:
 "The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child[.]"
There is record evidence that appellant did not follow through with the case plan, that he did not contribute toward child support for his son, and that he did not regularly visit his son when he was able to do so. Additionally, the record contains evidence that appellee did, indeed, inquire into whether any paternal relatives were suitable custodians for the child and found that there were none. Considering all of the record evidence, we find that the evidence clearly and convincingly supports the trial court's findings and judgment. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
Peter M. Handwork, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.
[1] We assume that appellant intended to cite R.C.2151.414(B)(1),(2), or (3).